

Dated: June 21st, 2021

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| IN RE: | CASE NO. 3:20-bk-30063 |
|---|---|
| BRANDON SCOTT TULLOH and BRANDI LYN TULLOH, | CHAPTER 7 |
| Debtors. | JUDGE B. McKay Mignault |

## CORRECTIVE MEMORANDUM OPINION AND ORDER

Pending is the Debtors' Motion to Avoid Judicial Lien ("Motion to Avoid"), filed on May 19, 2020 [dckt. 37]. No objections were filed. The Motion to Avoid came before the Court for hearing on August 28, 2020, at which time the matter was taken under advisement. The matter is fully briefed and ready for adjudication.

### I.

The Tullohs filed their Chapter 7 Petition on February 14, 2020. On their schedules, they list two parcels of real property: 1) a single-family home located at 400 Country Cove Estates, Scott Depot, West Virginia, valued at $250,000; and 2) a single-family home located at 1525 Red Oak, Charleston, West Virginia, valued at $12,000. According to Schedule D, only one of the properties is encumbered by a lien: the Country Cove Estates property is subject to a mortgage in the amount of "approximately $206,000."[1] The Tullohs exempted $40,024 in equity from their

---

[1] The Court notes that the mortgage was listed in the schedules as totaling $201,976. The Court is highly uncomfortable with the terminology used in the Motion to Avoid, namely the approximation of the amount of the lien. However, the Motion to Avoid was filed more recently than the schedules, and it is very likely that the amount has grown. Therefore, the Court will use the $206,000 set forth in the Motion to Avoid for its calculations.

Country Cove property and $12,000 in equity from their Red Oak property, for a total exemption of $52,024.

Both properties were listed as being subject to exemptions under West Virginia Code § 38-10-4(a) (which lists exemptions of property in bankruptcy proceedings), created pursuant to 11 U.S.C. § 522(b)(1), and West Virginia Code § 38-9-1 (which provides a homestead exemption), subject to the provisions of Article 6 § 48 of the West Virginia Constitution (which provides a $5,000 homestead exemption with certain provisos).[2]

The pertinent lien is held by Beacon Sales Acquisition, Inc., d/b/a North Co., and was recorded in the amount of $19,500.00 (the "Beacon Sales Lien"). The underlying Judgment Order arose out of litigation in the Circuit Court of Putnam County in 2018.

The Tullohs maintain that they are entitled to avoidance of the Beacon Sales Lien because it impairs an exemption to which they are entitled and there is no equity in their real property to which a lien may attach.

## II.

**A.  Governing Standard**

The Bankruptcy Code gives state sovereigns the power to "define what property a debtor may exempt from the bankruptcy estate that will be distributed among his creditors. 11 U.S.C. § 522(b). The Code also provides that judicial liens encumbering exempt property can be eliminated. 11 U.S.C. § 522(f)." *Owen v. Owen,* 111 U.S. 305, 306 (1991). As noted in the *Owen* decision, an

---

[2] The Court acknowledges its recent Memorandum Opinion and Order in *In re Justice*, Case No. 2:19-bk-20387, 2020 WL 2036660 (Bankr. S.D. W. Va. Mar. 31, 2020). The Court in that opinion ruled that the homestead exemption contained in West Virginia Code § 38-9-1 does not apply in bankruptcy cases; only the exemptions specified in § 38-10-4 apply to debtors in bankruptcy in West Virginia. Unfortunately, that decision does not apply here because no party filed timely objections to the Tullohs' exemptions. Accordingly, under 11 U.S.C. § 522(l) and Rule 4003(b), following from the decision in *Taylor v. Freeland & Kronz*, the validity of the Tullohs exemptions cannot be challenged and must be accepted at this time. *See* 503 U.S. 638, 642.

exemption "is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Id.* at 308. The Supreme Court elaborated further as follows:

> Section 522 determines what property a debtor may exempt. Under § 522(b), he must select between a list of federal exemptions (set forth in § 522(d)) and the exemptions provided by his state, "unless the State law that is applicable to the debtor … specifically does not authorize," § 522(b)(1) –that is, unless the State "opts out" of the federal list.

*Id.* at 308.

The policy reasons underlying the exemption process align closely with those of the Code in its entirety. As noted by my good colleague in the North,

> Federal bankruptcy law serves two essential purposes. First, as often stated, the purpose of bankruptcy is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Second, "[b]ankruptcy law, at its core, is debt-collection law." Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law*, p. 3 (Harvard University Press, 1986), reprinted by Beard Books (2001); *see also Young v. Higbee Co.*, 324 U.S. 204, 210, 65 S.Ct. 594, 89 L.Ed. 890 (1945)

*In re Morrell*, 394 B.R. 405, 409 (Bankr. N.D. W. Va. 2008).

West Virginia has opted out of the federal exemption scheme and specifically does not authorize debtors who are domiciled in the state to exempt the property specified under the provisions of 11 U.S.C. § 522(d). W. Va. Code § 38-10-4; *see Sheehan v. Peveich*, 574 F.3d 248, 251 (4th Cir. 2009) ("In 1981, approximately two years after the Bankruptcy Code became effective, West Virginia opted out of the federal bankruptcy exemption scheme upon enactment of West Virginia Code § 38–10–4."). If a State decides to opt out, "its debtors are limited to the exemptions provided by state law. Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions." *Owen*, 111 U.S. at 308.

Section 38-10-4(a) allows a single debtor to exempt up to $25,000 in real property that the debtor uses as a residence. *See* W. Va. Code § 38–10–4(a); *In re Mitchell*, 400 B.R. 503, 509

(Bankr. N.D. W. Va. 2009). Section 522(l) of the Code requires a debtor to file a list of the property that the debtor wishes to claim as statutorily exempt from the estate. 11 U.S.C. § 522(l). *Schwab v. Reilly*, 560 U.S. 770, 779 (2010). Federal Rule of Bankruptcy Procedure 4003 gives creditors and the bankruptcy trustee 30 days from the meeting of creditors to object. Section 11 U.S.C. § 522(l) also states, "unless a party in interest objects, the property claimed as exempt on such list is exempt."

Section 522(f) of the Bankruptcy Code provides a mechanism allowing a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled if such lien is a judicial lien." 11 U.S.C. 522(f)(1)(A). The stated purpose of the §522(f) judicial lien avoidance is to protect a debtor's discharge, exemption rights, and the fresh start. H.R. Rep. 595, 95th Cong., 2d Sess. 362.

The formula for whether an exemption is impaired and a judicial lien can be avoided is set out in 11 U.S.C. 522(f)(2)(A). The formula requires adding together the lien(s) being avoided, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property. 11 U.S.C. § 522(f)(2)(A)(i)-(iii). The amount of the exemption is determined based on the hypothetical exemption that is allowed under the statute; the amount actually claimed by the debtor is immaterial to the formula. 11 U.S.C. § 522(f)(2)(A)(ii); *see Botkin v. DuPont Community Credit Union*, 650 F.3d 396, 401 (4th Cir. 2011).

If the total from the liens and statutory exemption exceeds the value that the debtor's interest in the property would have in the absence of any liens, then the judicial lien would be impairing the exemption and the judicial lien may be partially avoided, and wholly avoided if it is in excess of the judicial lien sought to be avoided. 11 U.S.C. § 522(f)(2)(A).

**B.    Analysis**

In the present case, in order for the Tullohs to avoid the Beacon Sales Lien, the exemptions must be found to apply, and, under the lien avoidance formula set out in 11 U.S.C. § 522(f)(2)(A), the exemptions must be impaired by the judicial lien.

The Tullohs claimed exemptions under W. Va. Code 38-10-4(a) and W. Va. Code 38-9-1. At no point were these exemptions challenged by any creditors or by the Chapter 7 Trustee. No extension for objections was requested by any interested party.

Accordingly, under 11 U.S.C. § 522(l) and Rule 4003(b), following from the decision in *Taylor v. Freeland & Kronz*, the validity of the exemptions cannot be challenged and must be accepted at this time. *See* 503 U.S. 638, 642.

Under the lien avoidance formula set out in 11 U.S.C. § 522(f)(2)(A), to determine if the Tullohs' exemptions are impaired by the judicial liens, the Court must evaluate the total of the liens sought to be avoided, all other liens on the property, and the exemptions.

The total value of the Tullohs' real property is $262,000. The mortgage lien impairing the Country Cove property totals $206,000. The Tullos claimed exemptions in the total amount of $52,024. Totaled, the amount of the lien and the exemptions is $258,024. This is less than the real value of the property, and as such, at least $3,976 in equity remains. This is equity to which the Beacon Sales Lien can attach. Furthermore, because of the equity, the Beacon Sales Lien does not impair the Tullohs' exemptions. For the above reasons,

**IT IS ORDERED** that the Tullohs' Motion to Avoid Lien be, and hereby is, **DENIED.**